UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MOGANNAM, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>FIRST FINANCIAL MERCHANT SERVICES,<br><br>                    Defendant. | No.  15-CV-00827-TLN-CKD<br><br><br>**ORDER** |

This matter is before the Court on Defendant First Financial Merchant Services' ("Defendant") Motion to Dismiss the Complaint pursuant to Rule 12(b)(3).  (Def's Mot. to Dismiss, ECF No. 5.)  Plaintiff John Mogannam ("Plaintiff"), individually and on behalf of all others similarly situated, opposes Defendant's motion.  (Pl.'s Opp'n, ECF No. 7; Pl.'s Sur Reply, ECF No. 15.)  The Court is duly advised of the parties' arguments.  After careful consideration, and for the reasons set forth below, the Court construes Defendant's Rule 12(b)(3) motion as a *forum non conveniens* motion and hereby GRANTS the motion.

## I.     FACTUAL BACKGROUND

On April 17, 2015, Plaintiff, an individual, on behalf of himself and others similarly situated, filed a Class Action Complaint against Defendant, a credit and debit card processing company, alleging violations of the Telephone Consumer Protection Act, *47 U.S.C. § 227 et seq.*

1   ("TCPA").  (Compl., ECF No. 1.)  Plaintiff filed this lawsuit seeking damages and any other

2   available legal or equitable remedies.  (ECF No. 1 at ¶ 1.)  The Complaint asserts two causes of

3   action against Defendant: (1) negligent violations of the TCPA; and (2) knowing and/or willful

4   violations of the TCPA.  (*Id.*)  The facts are as follows.  On or about December 10, 2014,

5   Defendant attempted to contact Plaintiff via Plaintiff's cellular phone to solicit its services to

6   Plaintiff.  (ECF No. 1 at ¶ 6.)  Defendant used an "automatic telephone dialing system" to place

7   its call to Plaintiff.  (ECF No. 1 at ¶ 9.)  Defendant did not possess Plaintiff's prior express

8   consent to receive calls from an automatic telephone dialing system.  (ECF No. 1 at ¶ 12.)  The

9   calls were placed to a telephone number assigned to a cellular telephone service for which

10  Plaintiff incurs a charge for incoming calls.  (ECF No. 1 at ¶ 11.)

11          On May 20, 2015, Defendant filed its Motion to Dismiss under Rule 12(b)(3).  (ECF No.

12  5.)  Defendant contends that this Court is not the proper venue for this dispute.  (ECF No. 5 at 1.)

13  Defendant alleges the following.  On June 17, 2011, Plaintiff applied to be an Independent Agent

14  with Defendant, provided Defendant with his cellular telephone number, and entered into an

15  Independent Contractor Sales Representative Agreement ("the Agreement") with Defendant.

16  (Mem. of P. & A. Supp. Def.'s Mot. to Dismiss, ECF No. 5-1 at 2.)  The Agreement contained a

17  forum selection clause that was agreed to by both parties.  (ECF No. 5-1 at 2.)  The Motion

18  asserts that Plaintiff's claims are governed by the forum selection clause that provides that the

19  venue for the instant lawsuit should be in the Fourth Judicial District, County of Hennepin, State

20  of Minnesota.  (ECF No. 5 at 1.)

21          **II.     STANDARDS OF LAW**

22          Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain

23  statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 556

24  U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the

25  defendant fair notice of what the claim . . . is and the grounds upon which it rests."  *Bell Atlantic*

26  *v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice

27  pleading standard relies on liberal discovery rules and summary judgment motions to define

28  disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*,

2

1    534 U.S. 506, 512 (2002).

2        On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

3    *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every

4    reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

5    *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

6    "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

7    relief." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads

8    factual content that allows the court to draw the reasonable inference that the defendant is liable

9    for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

10       Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

11   factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir.

12   1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an

13   unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

14   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

15   elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

16   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

17   statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

18   facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

19   been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,

20   459 U.S. 519, 526 (1983).

21       Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

22   facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting

23   *Twombly*, 550 U.S. at 570).  Only where a plaintiff has failed to "nudge[] [his or her] claims . . .

24   across the line from conceivable to plausible[,]" is the complaint properly dismissed.  *Id.* at 680.

25   While the plausibility requirement is not akin to a probability requirement, it demands more than

26   "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is

27   "a context-specific task that requires the reviewing court to draw on its judicial experience and

28   common sense." *Id.* at 679.

1    If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

2    amend even if no request to amend the pleading was made, unless it determines that the pleading

3    could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122,

4    1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995));

5    *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

6    denying leave to amend when amendment would be futile).  Although a district court should

7    freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

8    deny such leave is 'particularly broad' where the plaintiff has previously amended its

9    complaint[.]"  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.

10   2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

11      **III.     ANALYSIS**

12          A.   Defendant's Rule 12(b)(3) Motion to Dismiss is Improper

13   Defendant moves this Court to dismiss Plaintiff's Complaint under Rule 12(b)(3).  (ECF

14   No. 5.)  In subsequent briefs, both parties acknowledge that forum selection clauses may not be

15   enforced by motions to dismiss under Rule 12(b)(3) and that the appropriate way to enforce such

16   clauses is through the doctrine of *forum non conveniens*.  (ECF No. 7; ECF No. 15; Def.'s Reply

17   to Pl.'s Opp'n, ECF No. 8.)  The Court agrees and notes that both parties had the opportunity to

18   present their views on the issue of *forum non conveniens*.  (ECF No. 8 at 8–10; ECF No. 15 at 4–

19   7.)  Therefore, as Defendant's Motion to Dismiss under Rule 12(b)(3) is in substance a Motion to

20   Dismiss for *forum non conveniens* and given the Court's inherent power to raise the issue, the

21   Court will consider whether dismissal is appropriate in this case under the doctrine of *forum non*

22   *conveniens*.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

23          B.   *Forum Non Conveniens* Supports Dismissal

24   A district court will typically consider private and public interests when evaluating a

25   *forum non conveniens* motion.  *Atl. Marine Constr. Co. v. United States Dist. Court*, 134 S.Ct.

26   568, 581 (2013).  The calculus changes, however, when the parties' contract contains a valid

27   forum selection clause.  *Id.*  In such a case, the plaintiff's choice of forum merits no weight,

28   arguments about the parties' private interests are not considered, and only arguments about public

4

1    interests are considered.  *Id.* at 581–82.  Because those interests "will rarely defeat a [*forum non*

2    *conveniens*] motion, the practical result is that forum-selection clauses should control except in

3    unusual cases."  *Id.* at 582.  The "enforcement of valid forum-selection clauses, bargained for by

4    the parties, protects their legitimate expectations and furthers vital interests of the justice system."

5    *Id.* at 581 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1998) (Kennedy, J.,

6    concurring).  Accordingly, the Court must first decide the validity of the Agreement and forum

7    selection clause and then look to public interest factors.

8                              *i.    The Agreement is Valid*

9            Defendant requests this Court to enforce the Agreement's forum selection clause.  (ECF

10   No. 5; ECF No. 8.)  Plaintiff argues that the Agreement is invalid, because only Plaintiff signed

11   the Agreement and Plaintiff did not act in reliance on the Agreement.  (ECF No. 7; ECF No. 15.)

12   Defendant responds that although First Financial did not sign the Agreement, both parties acted in

13   reliance on the Agreement as a valid contract.  (ECF No. 8.)

14          The "failure of one of the parties to sign the agreement does not necessarily prevent the

15   nonsigning party from being bound by the agreement."  *J. A. Jones Constr. Co. v. Plumbers &*

16   *Pipefitters*, 568 F.2d 1292, 1294–95 (9th Cir. 1978).  "[A]ny written contract though signed only

17   by one of the parties binds the other if he accepts it and both act in reliance on it as a valid

18   contract."  *Id.* at 1295 (quoting *NLRB v. Local 825, International Union of Operating Engineers*,

19   315 F.2d 695, 699 (3rd Cir. 1963)); s*ee also Luedde v. Devon Robotics, LLC*, No. 10-CV-400W,

20   2010 WL 2712293, at *5 (S.D. Cal. July 2, 2010) ("It is immaterial to the present analysis that

21   Defendants did not sign the Agreement...since [Plaintiff's] conduct indicates it accepted the

22   Agreement and both parties acted in reliance upon it.").  As it is uncontested that Plaintiff signed

23   the Agreement and that Defendant accepted and retained the Agreement, the question for the

24   Court is whether Defendant sufficiently demonstrates that the parties acted in reliance on the

25   Agreement as a valid contract.  Defendant offers numerous examples of the parties acting in

26   reliance on the Agreement as follows: Defendant providing Plaintiff with access to its First

27   Financial "online office" (ECF No. 8 at 2); Plaintiff's statement that he was viewing training

28   videos (ECF No. 8 at 3); and ongoing communication between the two parties concerning

1   Plaintiff's work as an independent agent for Defendant (ECF No. 8 at 2–3).  Furthermore, the

2   Declaration of Michelle Schroeder which contains exhibits documenting the parties' business

3   relationship, further supports their reliance on the Agreement.  (Decl. of Michelle Schroeder, ECF

4   No. 5-2).[1]  Thus, with respect to the Agreement, Defendant sufficiently demonstrates that the

5   parties acted in reliance on the Agreement as a valid contract.  Therefore, the Court finds that the

6   Agreement is valid.

7                    *ii. The Forum Selection Clause is Valid.*

8           Forum selection clauses are considered prima facie valid.  *Carnival Cruise Lines v. Shute*,

9   499 U.S. 585, 589 (1991); *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).  The party

10  claiming the clause is invalid or unenforceable due to unfairness bears a heavy burden of proof.

11  *Carnival Cruise Lines*, 499 U.S. at 592.  "There are three reasons a forum selection clause may be

12  unenforceable: (1) if the inclusion of the clause in the agreement was the product of fraud or

13  overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his

14  day in court were the clause enforced; and (3) if enforcement would contravene a strong public

15  policy of the forum in which suit is brought."  *Petersen v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir.

16  2013) (internal quotations omitted).  Plaintiff does not allege any of these reasons.[2]  (EFC No. 7;

17  EFC No. 15.)  Therefore, because Plaintiff does not meet the heavy burden of proof required to

18  render the clause unenforceable, the Court finds that the forum selection clause is valid and

19  enforceable.

20                   *iii. Plaintiff's Public Interest Arguments are Insufficient*

21          Plaintiff argues that a federal court is better equipped to handle a federal, nationwide,

22  class action case and, thus, serves the interests of justice and judicial economy.  (ECF No. 7 at 5;

23  ---

[1]      Plaintiff objects to this evidence as inadmissible hearsay.  (Pl.'s Evident. Object'ns, EFC No. 15-1 at 2–4.)
24  However, under Rule 801(d)(2) of the Federal Rules of Evidence these statements are admissible as statements by a party opponent.  Fed. R. Evid. 801(d)(2).  Additionally, the exhibits are business records falling under Rule 803(6).

25  [2]      Plaintiff does not claim that the clause was a product of fraud or overreaching, nor does Plaintiff allege that
26  the enforcement of the clause would effectively deprive Plaintiff of his day in court. (EFC No. 7 at 16–17; EFC No. 15 at 4–7.)  Rather, Plaintiff alleges that enforcement of the forum selection clause will cause Plaintiff to incur additional filing fees, diminish the potential class size, and delay prosecution of its claims. (EFC No. 7 at 17.)
27  Notably, Plaintiff does argue that "California has an *equal* interest in having this case litigated within," however, this does not equate to an argument that enforcement would contravene a strong public policy of California in which suit
28  is brought. (*Id.*) (emphasis added).

6

1  ECF No. 15 at 7.)  Said argument is not supported by evidence and rises to little more than a

2  conclusory allegation.  Plaintiff also contends that a substantial part of events giving rise to his

3  claim took place in the Eastern District of California.  (ECF No. 7 at 5.)  As noted by Defendant,

4  TCPA regulates the making of unsolicited calls.  (ECF No. 8 at 9; *see* 47 U.S.C. § 227.)

5  Therefore, even if the Court accepted that the phone call was unsolicited, a substantial part of the

6  events giving rise to Plaintiff's claim took place where the call originated, that being in

7  Minnesota.  (ECF No. 8 at 9.)  Thus, the events do not amount to a "localized" controversy best

8  "decided at home."  *Atl. Marine*, 134 S.Ct. at 581, n.6.  Moreover, even if a substantial part of the

9  events giving rise to Plaintiff's claim, as an individual, took place in the Eastern District of

10  California, Plaintiff fails to show why, as a "nationwide class action," the public's interest would

11  be served by adjudication in the instant forum.  (ECF No. 15 at 7.)  Thus, Plaintiff's arguments

12  concerning public interest factors are insufficient to overcome enforcement of the forum selection

13  clause.  As such, Defendant's Motion to Dismiss the Complaint is GRANTED.

14  **IV.    CONCLUSION**

15  The Court construes Defendant's Motion to Dismiss under Rule 12(b)(3) as a Motion to

16  Dismiss under *forum non conveniens* and hereby GRANTS WITHOUT LEAVE TO AMEND

17  Defendant's converted Motion.  (ECF No. 5.)

18  IT IS SO ORDERED.

19

20  Dated: February 10, 2016

21

22

23  Troy L. Nunley
   United States District Judge

24

25

26

27

28

7